IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

WILLIAM C. SALLIE, :
　　　　　　　　　　　　　　　　　:
　　　　　Petitioner　　　　　　　　 :
　　　　　　　　　　　　　　　　　:
vs.　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　: CIVIL ACTION NO.: 5:11-CV-75 (MTT)
CARL HUMPHREY, Warden,　　　　　　:
　　　　　　　　　　　　　　　　　:
　　　　　Respondent　　　　　　　　:
_____:

# **ORDER**

Petitioner has filed a Motion for Appointment of Counsel pursuant to the provisions in 18 U.S.C. § 3599.

**I.　　PROCEDURAL HISTORY**

Petitioner filed his motion for appointment of counsel along with his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. According to his federal habeas corpus petition, Petitioner is a prisoner in the custody of the State of Georgia pursuant to verdicts entered March 2 and 5, 2001 in the Superior Court of Houston County, Georgia, after venue was changed from Bacon County, Georgia, where Petitioner was initially indicted. Pursuant to these judgments, Petitioner was convicted of murder, kidnaping, aggravated assault, and burglary, and sentenced to death.

Petitioner appealed and the Supreme Court of Georgia affirmed his conviction and sentence on March 24, 2003. ***Sallie v. State***, 276 Ga. 506 (2003). The Court denied his motion for reconsideration on April 23, 2003.

Petitioner filed a petition for certiorari review in the United States Supreme Court, which was denied on October 6, 2003. ***Sallie v. Georgia***, 124 S. Ct. 251 (2003). The Court denied the petition for rehearing on December 8, 2003.

Petitioner filed a state habeas corpus petition on October 14, 2004. After Petitioner amended the petition, the Court conducted an evidentiary hearing, received post-hearing briefs, and denied the writ on June 29, 2009.

Petitioner filed a notice of appeal in the Butts County Superior Court and an Application for Certificate of Probable Cause to Appeal in the Georgia Supreme Court. On January 14, 2011, the Supreme Court of Georgia denied the application.

On February 28, 2011, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody in this Court pursuant to 28 U.S.C. § 2254.

Respondent has filed a Motion to Dismiss Petition for Writ of Habeas Corpus as Untimely. (R. at 4).

## II.    **APPOINTMENT OF COUNSEL**

18 U.S.C. § 3599 (a) (2) provides as follows:

> In any post conviction proceeding under section 2254 or 2255 of Title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsection (b) through (f).

18 U.S.C. § 3599 (a)(2). In this case, Petitioner has filed a Motion for Appointment of Counsel, Motion for Leave to Proceed *In Forma Pauperis*,[1] and a Petition for Writ of

---

[1] Petitioner's Motion to Proceed *In Forma Pauperis* (R. at 2) is **GRANTED**.

-2-

Habeas Corpus under 28 U.S.C. § 2254. Petitioner's filings show that he is financially unable to obtain adequate representation. Under these circumstances, Petitioner is entitled to appointment of counsel under 18 U.S.C. § 3599 (a)(2).

Having concluded that Petitioner is entitled to appointment of counsel, the Court must next determine whether 18 U.S.C. § 3599 permits it to appoint Petitioner's requested counsel–Brian Kammer, Executive Director of the Georgia Appellate Practice and Education Resource Center (hereinafter "Resource Center") and Kirsten Salchow, staff attorney with the Resource Center. Because of the seriousness of the death penalty and the unique and complex nature of this kind of litigation, counsel must have a certain level of experience before being eligible for appointment under § 3599. For post-judgment appointments, as in this case, "at least one attorney so appointed must have been admitted to practice in the court of appeals for not less than five years, and must have had not less than three years experience in the handling of appeals in that court in felony cases." 18 U.S.C. § 3599 (c). Based on the Affidavit submitted by Mr. Kammer, it appears that he has the appropriate experience to qualify for appointment under § 3599 (c). Moreover, it appears that Mr. Kammer is familiar with the facts and procedural history of Petitioner's case as the Resource Center has represented Mr. Sallie since 2005.

18 U.S.C. § 3599 (d) provides as follows:

> [T]he court, for good cause, may appoint another attorney whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique nature of the litigation.

According to the Affidavit submitted by Kirsten Salchow, she has represented death-sentenced inmates in capital habeas proceeding in Georgia since 2006 and is currently

employed at the Resource Center. Prior to 2006, she represented death-sentenced inmate in capital proceedings in both South Carolina and Mississippi while working as a staff attorney at the Center for Capital Litigation in Columbia, South Carolina. Moreover, Ms. Salchow states that she "began work on Mr. Sallie's case in early 2006 and [is] . . . thoroughly familiar with the record in his case." (Kirsten Salchow Aff., ¶ 5).

Given this, Petitioner's Motion for Appointment of Counsel is **GRANTED** and Brian Kammer along with Kirsten Salchow are appointed to represent Petitioner in his federal habeas corpus action.

The next issue that must be determined is the rate at which counsel will be compensated. It appears that the Administrative Office of the United States Courts has approved $178.00 an hour, for both in-court and out-of-court time. Therefore, the Court finds that it is appropriate to compensate Brian Kammer and Kirsten Salchow at a rate of $178.00 per hour.

Counsel is reminded that they may obtain investigative, expert, or other services that are reasonably necessary for the representation of Petitioner; but they must obtain prior approval from the Court for such services. 18 U.S.C. § 3599 (f). *Ex parte* requests for payment of fees and expenses under § 3599 (f) may not be considered unless Petitioner makes a proper showing of the need for confidentiality. *Id*. Fees and expenses for such services are limited to $7,500.00 unless the Court certifies that a larger amount is necessary and the Chief Judge of the Eleventh Circuit approves the larger amount. *See* 18 U.S.C § 3599 (g) (2),

The following procedures for interim payments and reimbursement of expenses shall apply during the course of this case:

A. <u>Submission of Vouchers</u>

Counsel shall submit to the Clerk's Office in Macon, Georgia, once every month, an interim voucher on CJA Form 30, "Death Penalty Proceedings: Appointment of and Authority to Pay Court Appointed Counsel." Compensation earned and reimbursable fees and expenses incurred for each calendar month shall be claimed on an interim voucher submitted no later than the fifth day of each subsequent month, or the first business day thereafter if the fifth day of the month is a Saturday, Sunday, or holiday. Each interim voucher shall be numbered sequentially and shall include the time period covered. Interim vouchers shall be submitted in accordance with this schedule and procedure even if little or no compensation, fees, or expenses are claimed for the time period covered. All interim vouchers shall be supported by detailed and itemized statements of time expended and fees and expenses incurred.

After an interim voucher is submitted to the Clerk's Office in Macon, Georgia, the Deputy Clerk assigned to this case will submit it to the Court for approval. The Court will then review the voucher, particularly the amount of time claimed, and will authorize compensation for the approved number of hours and for all reimbursable fees and expenses reasonably incurred. The Court will endeavor to review and act on each voucher within 30 days of submission.

At the conclusion of the representation, counsel shall submit a final voucher for payment of time expended and fees and expenses incurred during the final interim time period. The final voucher shall also set forth in detail, with supporting documentation, the time expended and fees and expenses incurred for the entire case. The final voucher shall also reflect all compensation and reimbursement previously received on the appropriate

line of the form.

B. <u>Reimbursable Out-of-Pocket Expenses</u>

Counsel may be reimbursed for out-of-pocket expenses (not including fees or expenses relating to investigative, expert, or other services that are reasonably necessary for the representation) reasonably incurred during the representation. Although neither § 3599 nor the applicable rules and regulations limit the amount of out-of-pocket expenses that may be incurred, counsel should not incur a single out-of-pocket expense in excess of $500.00 without prior approval of the Court. Approval may be sought by filing an *ex parte* application with the Court stating (1) the nature of the expense, (2) the estimated cost, and (3) the reason the expense is necessary to the representation. Recurring out-of-pocket expenses, such as the cost of telephone toll calls, telegrams, photocopies, facsimiles, and photographs, that total more than $500.00 on one or more interim vouchers are not considered single expenses requiring prior approval of the Court.

With respect to travel outside Atlanta for the purposes of consulting with Petitioner or his former counsel, interviewing witnesses, etc., the $500.00 rule shall be applied in the following manner: Travel expenses, such as airfare, mileage, parking fees, meals, and lodging, may be claimed as itemized expenses. Therefore, if the total out-of-pocket expenses for a single trip will exceed $500.00, the travel shall require prior approval of the Court.

Case-related travel by privately owned automobile shall be claimed at the rate authorized by the government for business-related travel by federal judiciary employees, plus parking fees, ferry fares, and bridge, road, and tunnel tolls. For information regarding the current mileage rate for federal judiciary employees, counsel should consult the Clerk's Office in Macon, Georgia. Transportation other than by privately owned automobile should

be claimed on an actual-expense basis.  First-class air travel is prohibited.

Actual expenses incurred for meals and lodging while traveling outside Atlanta, Georgia for case-related purposes must conform to the prevailing limitations placed upon travel and subsistence expenses for federal judiciary employees in accordance with existing government travel regulations. For information regarding per diem rates for federal judiciary employees, as well as for specific details concerning high-cost areas, counsel should consult the Clerk's Office in Macon, Georgia.

The cost of telephone toll calls, telegrams, photocopies, facsimiles, and photographs may be reimbursable out-of-pocket expenses if they are reasonably incurred.  However, general office overhead (such as rent, secretarial assistance, and telephone service) is not reimbursable; nor are items of a personal nature.

Finally, expenses for service of subpoenas on fact witnesses are not reimbursable out-of-pocket expenses and should not be included on any voucher.  Instead, such expenses will be paid by the United States Marshals Service, but only upon prior approval by the Court.  Payment of such expenses shall be governed by 28 U.S.C. § 1825.

**SO ORDERED**, this 4th day of March, 2011.

                S/ Marc T. Treadwell
                MARC T. TREADWELL, JUDGE
                UNITED STATES DISTRICT COURT

lnb