IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

WILLIAM C. SALLIE,

    Petitioner,

vs.

CARL HUMPHREY, Warden,

    Respondent.

CIVIL ACTION NO.: 5:11-CV-75 (MTT)

## ORDER

The Court previously determined that Sallie was "financially unable to obtain adequate representation" and appointed Brian S. Kammer and Kirsten A. Salchow to represent him. 18 U.S.C. § 3599; (Doc. 6). Subsequently, in an Order dated June 17, 2011, the Court granted Brian S. Kammer and Kirsten A. Salchow's Motion to Withdraw as counsel. (Doc. 25).

Joseph J. Perkovich filed a Notice of Appearance and indicated that he intended to seek appointment under 18 U.S.C. § 3599(a)(2). (Doc. 25). Although Mr. Perkovich has considerable experience in federal habeas proceedings, he has not been admitted in any of the Circuit Courts of Appeal for at least five years. Thus, he does not meet the requirements of 18 U.S.C. § 3599(c). Therefore, the Court gave Mr. Perkovich time to locate additional counsel who met the qualifications of 18 U.S.C. § 3599(c) and informed Mr. Perkovich that the Court would assist him in locating additional counsel if necessary. (Doc. 25). On August 4, 2011, Mr. Perkovich informed the Court that, because of unique issues he anticipates on raising on behalf of Mr. Sallie, he was unable to locate counsel. (Doc. 30). Therefore, the Court has located additional counsel.

Because this is a post-judgment appointment, "at least one attorney so appointed must have been admitted to practice in the court of appeals for not less than five years, and must have had not less than three years experience in the handling of appeals in that court in felony cases." 18 U.S.C. § 3599(c). Brian Jarrard, attorney with Jones, Cork & Miller, LLP, meets these requirements.

Additionally, the Court "may appoint another attorney whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the penalty and to the unique nature of the litigation." 18 U.S.C. § 3599(d). Mr. Perkovich, a sole practitioner who was admitted to practice in New York in 2007, has represented criminal defendants at trial and habeas petitioners in both state and federal courts. He has been involved with capital habeas litigation in state courts in Texas, South Carolina, North Carolina, and Florida. In 2008, he was admitted to the Fourth Circuit Court of Appeals and appointed by that Court as co-counsel to represent John Allen Muhammad, also known as the Beltway Sniper or D.C. Sniper.

Accordingly, pursuant to 18 U.S.C. § 3599, the Court appoints Joseph J. Perkovich and Brian Jarrard to represent Sallie in this federal habeas corpus action.

The Administrative Office of the United States Courts has approved $178.00 an hour, for both in-court and out-of-court time. The Court finds it appropriate to compensate both attorneys at a rate of $178.00 per hour.

Counsel is reminded that they may obtain investigative, expert, or other services that are reasonably necessary for the representation of Petitioner; but they must obtain prior approval from the Court for such services. 18 U.S.C. § 3599 (f). *Ex parte*

requests for payment of fees and expenses under § 3599 (f) may not be considered unless Petitioner makes a proper showing of the need for confidentiality.  *Id.*  Fees and expenses for such services are limited to $7,500.00 unless the Court certifies that a larger amount is necessary and the Chief Judge of the Eleventh Circuit approves the larger amount.  *See* 18 U.S.C § 3599 (g) (2).

The following procedures for interim payments and reimbursement of expenses shall apply during the course of this case:

A. <u>Submission of Vouchers</u>

Counsel shall submit to the Clerk's Office in Macon, Georgia, once every month, an interim voucher on CJA Form 30, "Death Penalty Proceedings:  Appointment of and Authority to Pay Court Appointed Counsel."  Compensation earned and reimbursable fees and expenses incurred for each calendar month shall be claimed on an interim voucher submitted no later than the fifth day of each subsequent month, or the first business day thereafter if the fifth day of the month is a Saturday, Sunday, or holiday. Each interim voucher shall be numbered sequentially and shall include the time period covered.  Interim vouchers shall be submitted in accordance with this schedule and procedure even if little or no compensation, fees, or expenses are claimed for the time period covered.  All interim vouchers shall be supported by detailed and itemized statements of time expended and fees and expenses incurred.

After an interim voucher is submitted to the Clerk's Office in Macon, Georgia, the Deputy Clerk assigned to this case will submit it to the Court for approval.  The Court will then review the voucher, particularly the amount of time claimed, and will authorize compensation for the approved number of hours and for all reimbursable fees and

expenses reasonably incurred. The Court will endeavor to review and act on each voucher within 30 days of submission.

At the conclusion of the representation, counsel shall submit a final voucher for payment of time expended and fees and expenses incurred during the final interim time period. The final voucher shall also set forth in detail, with supporting documentation, the time expended and fees and expenses incurred for the entire case. The final voucher shall also reflect all compensation and reimbursement previously received on the appropriate line of the form.

B. <u>Reimbursable Out-of-Pocket Expenses</u>

Counsel may be reimbursed for out-of-pocket expenses (not including fees or expenses relating to investigative, expert, or other services that are reasonably necessary for the representation) reasonably incurred during the representation. Although neither § 3599 nor the applicable rules and regulations limit the amount of out-of-pocket expenses that may be incurred, counsel should not incur a single out-of-pocket expense in excess of $500.00 without prior approval of the Court. Approval may be sought by filing an *ex parte* application with the Court stating (1) the nature of the expense, (2) the estimated cost, and (3) the reason the expense is necessary to the representation.

With respect to travel outside Atlanta for the purposes of consulting with Petitioner or his former counsel, interviewing witnesses, etc., the $500.00 rule shall be applied in the following manner: Travel expenses, such as airfare, mileage, parking fees, meals, and lodging, may be claimed as itemized expenses. Therefore, if the total out-of-pocket expenses for a single trip will exceed $500.00, the travel shall require prior approval of the

Court.

Case-related travel by privately owned automobile shall be claimed at the rate authorized by the government for business-related travel by federal judiciary employees, plus parking fees, and tunnel tolls. For information regarding the current mileage rate for federal judiciary employees, counsel should consult the Clerk's Office in Macon, Georgia. Transportation other than by privately owned automobile should be claimed on an actual-expense basis. First-class air travel is prohibited.

Actual expenses incurred for meals and lodging while traveling outside Atlanta, Georgia for case-related purposes must conform to the prevailing limitations placed upon travel and subsistence expenses for federal judiciary employees in accordance with existing government travel regulations. For information regarding per diem rates for federal judiciary employees, as well as for specific details concerning high-cost areas, counsel should consult the Clerk's Office in Macon, Georgia.

The cost of telephone toll calls, telegrams, photocopies, facsimiles, and photographs may be reimbursable out-of-pocket expenses if they are reasonably incurred. However, general office overhead (such as rent, secretarial assistance, and telephone service) is not reimbursable; nor are items of a personal nature.

Finally, expenses for service of subpoenas on fact witnesses are not reimbursable out-of-pocket expenses and should not be included on any voucher. Instead, such expenses will be paid by the United States Marshals Service, but only upon prior approval by the Court. Payment of such expenses shall be governed by 28 U.S.C. § 1825.

**SO ORDERED**, this 12th day of August, 2011.

          S/ Marc T. Treadwell
          MARC T. TREADWELL, JUDGE
          UNITED STATES DISTRICT COURT