IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WILLIAM CARY SALLIE, | : | |
| Petitioner, | : | |
| vs. | : | CIVIL ACTION NO.: 5:11-CV-75 (MTT) |
| CARL HUMPHREY, Warden, | : | |
| Respondent. | : | |

## **ORDER**

This matter is before the Court on further consideration of Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as Untimely (Doc. 4), Petitioner's Motion for Order Ruling Habeas Petition Timely Filed or, Alternatively, Granting Evidentiary Hearing (Doc. 52) and Respondent's Motion to Strike as Untimely Petitioner's Motion and Memorandum of Law in Support for Order Ruling Habeas Petition Timely Filed (Doc. 54).

In its June 9, 2011 Order, the Court ruled that Petitioner William Carey Sallie's state court judgment became final on October 6, 2003, and that Sallie did not toll AEDPA's statute of limitations by filing either a state or federal habeas corpus petition within one year of that date. (Doc. 21). However, the Court ruled the record was insufficient to permit a determination whether equitable tolling was appropriate.

Pursuant to *Chavez v. Sec'y Fla. Dep't of Corr.,* 647 F.3d 1057 (11th Cir. 2011), the Court ordered Sallie "to supplement his Petition to state with particularity the facts upon which he bases his claim of equitable tolling." (Doc. 28). Petitioner did so September 28, 2011 (Doc. 39). Subsequently, Petitioner filed a Motion for Order Ruling Habeas Petition Timely Filed or, alternatively, Granting Evidentiary Hearing. (Doc. 52).

-2-

Respondent has filed his Answer-Response on Behalf of Respondent to Supplemental Petition for Writ of Habeas Corpus and Brief in Support (Doc 55) and a Motion to Strike as Untimely Petitioner's Motion and Memorandum of Law in Support for order Ruling Habeas Petition Timely Filed.  (Doc. 54).

The Court **WITHHOLDS** ruling on both Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as Untimely (Doc. 4) and Petitioner's Motion for Order Ruling Habeas Petition Timely Filed or, alternatively, Granting Evidentiary Hearing. (Doc. 52). The parties are to comply with the Court's November 1, 2011 Scheduling Order.  After review of the filings made in accordance with the Scheduling Order, the Court will determine if an evidentiary hearing is necessary or not and whether equitable tolling applies.

In view of the Court's Scheduling Order, the Court **DENIES AS MOOT** Respondent's Motion to Strike as Untimely Petitioner's Motion and Memorandum of Law in Support for order Ruling Habeas Petition Timely Filed.  (Doc. 54).

**SO ORDERED**, this 1st day of November, 2011.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT