IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WILLIAM CARY SALLIE, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | |
| | : | CIVIL ACTION NO.: 5:11-CV-75 (MTT) |
| CARL HUMPHREY, Warden, | : | |
| | : | |
| Respondent. | : | |

## ORDER

This matter is before the Court on Respondent's Motion for Reconsideration of Scheduling Order and Order Withholding Ruling on Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as Untimely. (Doc. 59). As discussed below, the Court grants Respondent's motion in part and denies the motion in part.

Respondent requests the Court to "reconsider its decision to withhold ruling on Respondent's Motion to Dismiss." (Doc. 59 at 5). Respondent argues the Court must determine whether equitable tolling can save Petitioner's untimely Petition before the Parties address the merits of Petitioner's claims. Contrary to Respondent's assertions, *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057 (11th Cir. 2011) does not require the Court to consider only timeliness issues when a respondent moves to dismiss a habeas petition as untimely or raises a statute of limitations defense in his answer. Moreover, timeliness is not a jurisdictional prerequisite under the Antiterrorism and Effective Death Penalty Act. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2011). Therefore, the Court may determine that disposing of this case in some other manner is in the best interest of judicial economy. *See generally*, *Trussell v. Bowersox*, 447 F.3d 588 (8th Cir. 2006).

Accordingly, the Court declines to reconsider its decision to withhold ruling on both the Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as Untimely (Doc. 4) and Petitioner's Motion for Order Ruling Habeas Petition Timely Filed or, alternatively, Granting Evidentiary Hearing. (Doc. 52).   Therefore, the Court **DENIES** this portion of Respondent's Motion.

Alternatively, Respondent requests the Court to limit further pleadings in the case to an amended petition and Respondent's answer filed in accordance with Rule 5 of the Rules Governing Section 2254 Cases ("Rule 5").   The Court **GRANTS** this portion of Respondent's motion.   Thus, the Court's November 1, 2011 Scheduling Order is modified to eliminate the briefing schedule.   The other terms of the November 1, 2011 Scheduling Order remain the same and Petitioner must submit, no later than December 5, 2011, an amended Petition for Writ of Habeas Corpus by a Person in State Custody that includes every unalleged possible constitutional error or deprivation entitling Petitioner to federal habeas corpus relief.   Thirty days later, Respondent must file an answer that complies with Rule 5.   After review of the amended habeas petition and answer, the Court will determine whether briefs are necessary.

**SO ORDERED**, this 18th day of November, 2011.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT