IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WILLIAM CARY SALLIE, : <br> : <br> Petitioner, : <br> : <br> vs. : <br> : CIVIL ACTION NO.: 5:11-CV-75 (MTT) <br> CARL HUMPHREY, Warden, : <br> : <br> Respondent. : <br> : <br> _____: | |

### ORDER

Sallie filed his petition for writ of habeas corpus in this Court on February 28, 2011. (Doc. 1). Prior to filing an answer, Respondent moved to dismiss the petition as untimely. (Doc. 4). Following briefing and a hearing, this Court found that Sallie did not timely file his petition, but that "further development of the record is necessary to resolve Sallie's claim that he is entitled to equitable tolling of the statute of limitations." (Doc. 21 at 1).

The Court ordered Sallie to supplement his petition to state with particularity the facts upon which he based his claim of equitable tolling pursuant to *Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057 (11th Cir. 2011). (Doc. 28). Sallie filed his supplemental petition, including numerous affidavits, in support of his claim of equitable tolling and Respondent filed a response. (Doc. 39 to 51, Doc. 55). On October 28, 2011, Sallie filed a motion requesting a ruling that his petition was timely filed due to equitable tolling, or in the alternative, allowing an evidentiary hearing on the issue of equitable tolling. (Doc. 52).

On November 1, 2011, the Court entered an order announcing it was withholding ruling on both Respondent's motion to dismiss Sallie's habeas petition and Sallie's motion to rule his habeas petition was timely. (Doc. 57, 58). The Court ordered Sallie to amend his habeas petition to include every unalleged constitutional error or deprivation entitling him to federal habeas corpus relief and ordered Respondent to answer and comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. (Doc. 57). Sallie was also ordered to brief all claims, issues, and arguments that he wished the Court to consider, including any need for discovery or an evidentiary hearing, exhaustion, procedural default, and the merits of each claim. Respondent was ordered to file a brief in response, and Sallie was allowed the opportunity to reply. (Doc. 57). The parties have now complied with the Court's November 11, 2011, scheduling order.

Sallie raises significant issues regarding whether the one year limitations period should be equitably tolled, issues that almost certainly require an evidentiary hearing to resolve. However, because the statute of limitations is not a jurisdictional bar to habeas review, a federal court can, in the interest of judicial economy, proceed to the merits of the habeas petition. *Day v. McDonough*, 547 U.S. 198, 205 (2006); *Lambrix v. Singletary*, 520 U.S. 518, 523-24 (1997) (explaining that procedural bars should normally be resolved first, but judicial economy may dictate ruling on the merits first if the procedural bar involves complicated issues).

A review of the record in this case leads the Court to conclude that it would be judicially efficient to review the merits of Sallie's claims, including any exhaustion or procedural default issues, before attempting to determine the timeliness issue. Should

the Court be able to deny Sallie's habeas petition on the merits, there would be no need to address the timeliness issue. Alternatively, if the Court finds Sallie's petition meritorious, it can then address the apparently more complicated equitable tolling issue.

Therefore, the Court **DENIES WITHOUT PREJUDICE** Respondent's motion to dismiss Sallie's habeas petition as untimely. (Doc. 4). The Court **DENIES WITHOUT PREJUDICE** Sallie's motion for an order ruling that his habeas petition is timely. (Doc. 52). The Court will address the merits of the claims prior to determining whether equitable tolling is appropriate.

**SO ORDERED**, this 6th day of September, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT