IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WILLIAM CARY SALLIE, : <br> : <br> Petitioner, : <br> : <br> vs. : <br> : CIVIL ACTION NO.: 5:11-CV-75 (MTT) <br> CARL HUMPHREY, Warden, : <br> : <br> Respondent. : <br> : | |

# ORDER

Before the Court is Petitioner's Application for Authorization of Funds for Investigative Services. (Doc. 116).

18 U.S.C. § 3599(f) provides:

> Upon a finding that investigative, expert, or other services are reasonably necessary for the representation of the defendant, whether in connection with issues relating to guilt or the sentence, the court may authorize the defendant's attorneys to obtain such services on behalf of the defendant and, if so authorized, shall order the payment of fees and expenses therefor under subsection (g).

Subsection (g) provides that fees and expenses for investigative or other expert services shall not exceed $7,500.00 in any case unless the court certifies the payment in excess of that limit is "necessary to provide fair compensation for services of an unusual character and duration, and the amount of the excess payment is approved by the chief judge of the circuit." 18 U.S.C. § 3599(g).

The Eleventh Circuit has explained that the phrase "reasonably necessary" in § 3599(f) means the same as showing a "substantial need" for the requested assistance. *Gary v. Georgia Diagnostic Prison*, 686 F.3d 1261, 1268 (11th Cir. 2012) (quoting *United States v. Brown*, 441 F.3d 1330, 1364 (11th Cir. 2006)).

Petitioner seeks $10,000.00 "to obtain future investigative services" to investigate newly-discovered claims of juror bias and misconduct. (Doc. 116 at 15). Petitioner alleges he has uncovered information which reveals "dramatic discrepancies between" juror Gina Dawson's personal background and her responses during the jury selection process. (Doc. 116 at 6). He claims that further investigation into her background is necessary to determine if her responses during voir dire were untruthful and, if so, would truthful responses have provided a basis to challenge for cause. Petitioner admits that his anticipated juror bias and misconduct claims are not exhausted and, if the investigation confirms the existence of material misrepresentations, he will have to file a motion to stay under *Rhines v. Weber*, 544 U.S. 269 (2005).

Respondent claims that Petitioner is merely trying to "further delay these habeas proceedings" and funds for additional investigation are not needed because Petitioner has already spoken to Juror Dawson. (Doc. 117 at 2). Respondent has also contacted Juror Dawson, had her review her voir dire testimony, and had her sign an affidavit in which she states that her testimony during voir dire was true and accurate. (Doc. 117 at 2-3; Doc. 117-1 at 2).

In response to Juror Dawson's affidavit, Petitioner claims that he has "arrays of facts that plainly contradict" her assertions of truthfulness. (Doc. 118 at 1). Petitioner states that Juror Dawson's "sustained insistence on the accuracy and truthfulness of voir dire testimony . . . cannot be reconciled with information uncovered to date about her personal history." (Doc. 118 at 2).

Since Petitioner admits he has already uncovered many facts to show that Juror Dawson provided dishonest responses during voir dire, it is difficult to understand why he currently needs $10.000.00 to pay for "future investigative services." (Doc. 116 at 15).

This is especially true in light of the fact that this Court will not be addressing the merits of any unexhausted claims. Thus, at this time, Petitioner need not establish that Juror Dawson failed to honestly answer a material question during voir dire and that a truthful response would have provided a valid basis for a challenge for cause. *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984). Instead, all he must show is that the unexhausted claims are "potentially meritorious," which means they are not "plainly meritless." *Rhines*, 544 U.S. at 277-78. Beyond this, Petitioner need only establish that he has good cause for failing to exhaust and that he has not "engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278.

While the Court finds that Petitioner has shown investigative services are reasonably necessary, his request for $10,000.00 is excessive. The Court authorizes $7,500.00 "to obtain future investigative services." (Doc. 116 at 15). Because it is apparent to the Court that Petitioner has already devoted considerable time to these issues, the Court does not foresee a situation in which it would authorize additional funds. Moreover, the Court will not authorize Petitioner to make any supplemental application for funds "confidentially, *ex parte* and under seal, without needing to seek leave of the Court." (Doc. 116 at 15). 18 U.S.C. § 3599(f) does not allow such requests without a proper showing concerning the need for confidentiality. Finally, the Court orders Petitioner to file any motion to amend his habeas petition and/or motion to stay these habeas proceedings within 45 days from the date of this Order.

**SO ORDERED** this 25th day of March, 2013.

                                              S/ Marc T. Treadwell
                                              MARC T. TREADWELL, JUDGE
                                              UNITED STATES DISTRICT COURT