IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WILLIAM C. SALLIE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:11-CV-75 (MTT) |
| ) | |
| CARL HUMPREY, Warden, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| ) | |

## ORDER

Petitioner William C. Sallie has moved the Court to reconsider (Doc. 148) its Order (Doc. 146) denying his motion to stay and abey. The motion is **DENIED.**

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga., L.R. 7.6. Indeed, "[r]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id.* "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Sallie has not met this burden. He has not alleged an intervening change in the law nor presented new evidence previously unavailable to him. Moreover, the Court is

not persuaded that its ruling was clearly erroneous. Only one point raised by Sallie merits discussion.

Sallie argues that the Court misapplied *Rhines v. Weber,* 544 U.S. 269 (2005), when the Court found, as Sallie puts it, that he failed to show good cause for failing to exhaust his new juror bias and misconduct claims. Sallie reads the Court's Order to find that his state habeas counsel were ineffective and this, he argues, satisfies the good cause element of *Rhines's* test for the entry of a stay. Sallie is both mistaken and confused, although the Court may be partly responsible for his confusion. First, as the Court's analysis (as opposed to its concluding paragraph) made clear, the Court did not specifically address the good cause element of the *Rhines* test, and the Court certainly did not find that state habeas counsel were ineffective. Rather, the Court, after concluding that Sallie's new claims were not exhausted, found that the claims were procedurally defaulted because a Georgia court would treat Sallie's petition asserting those claims as successive pursuant to O.C.G.A. § 9-14-51. Because Sallie's new claims were procedurally defaulted, there was no reason to apply the *Rhines* test. Accordingly, Sallie's argument that the ineffective assistance of his state habeas counsel constitutes good cause pursuant to *Rhines* is irrelevant to the Court's order.

However, the Court acknowledges that the Conclusion section of its Order, if read by itself, suggests that the Court did expressly address the issue of *Rhines's* good cause. The Court will revise its Order to correct this impression.

Accordingly, the Plaintiff's motion for reconsideration is **DENIED**.

**SO ORDERED**, this 6th day of August, 2013.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT