IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WILLIAM CARY SALLIE, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | |
| | : | CIVIL ACTION NO. 5:11-CV-75 (MTT) |
| BRUCE CHATMAN, Warden, | : | |
| | : | |
| Respondent. | : | |
| | : | |

## ORDER

On March 11, 2014, the Court entered its Order denying Petitioner William Cary Sallie leave to amend his second amended habeas petition to assert a new ineffective assistance of trial counsel claim. (Doc. 158). Sallie moves the Court to reconsider that Order, claiming the Court erred when it denied his motion to amend as futile because the new claim was barred by AEDPA's[1] statute of limitations, a ground not urged by Respondent in his opposition to the motion. (Docs. 160, 164). Sallie is correct, to a point. Even though, as discussed below, Sallie's own allegations suggested his new claim was filed after the statute of limitations had run, Respondent argued the amendment would be futile not because it was time-barred, but because the new claim was procedurally defaulted. (Doc. 153). This argument, as explained below, would have required the Court determine the impact of *Trevino v. Thaler*, 133 S. Ct. 1911 (2013). Given the uncertainty of *Trevino's* application, the Court instead addressed

---

[1] The Antiterrorism and Effective Death Penalty Act 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996).

whether, as alleged by Petitioner, his new claim was timely filed because he had filed it within a year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

Although it seemed that Sallie's motion to amend obviously raised the issue of timeliness, the Court understood Sallie's concern that he had not had an opportunity to address that issue. Accordingly, the Court allowed Sallie to fully brief the issue[2] and the Court granted Sallie's request for oral argument. (Docs. 160-68).

With the benefit of that additional briefing and oral argument, the Court **DENIES** Sallie's motion for reconsideration. However, the Court **VACATES** its March 11, 2014 Order and enters this Order so that all relevant arguments can be addressed together. The result is the same; Sallie's motion to amend his second amended habeas petition is **DENIED**.

## I. BACKGROUND

Sallie filed his federal habeas petition on February 28, 2011. (Doc. 1). On May 9, 2013, Sallie filed, without leave of Court, his second amended habeas petition, which asserted claims of bias on the part of juror Gina Dawson based on facts uncovered by Sallie's current counsel.[3] (Docs. 122 at 71; 125 at 2). Sallie also filed a motion to stay and abey. (Doc. 125). Sallie maintained that he could show good cause for failing to

---

[2] Although not permitted under the Court's local rules, Sallie was allowed to file a reply brief. M.D. Ga. R. 7.6.

[3] Specifically, Sallie alleged that Dawson failed to respond truthfully and accurately during voir dire about (1) spousal and family violence; (2) criminal history of family members; (3) victimhood of herself and various family members; (4) contentious divorces; (5) child custody, visitation, and support battles; and (6) being sued and filing a personal bankruptcy action. (Doc. 125 at 3-4). Sallie's juror bias allegations are discussed in detail in his motion to stay. (Doc. 125).

exhaust his potentially meritorious juror bias claims. Therefore, pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), Sallie sought to stay these proceedings while he returned to state court to exhaust the claims.

The Court found the juror bias claims were unexhausted but, given the facts known at the time about Dawson, "diligent state habeas counsel would have investigated [her] and easily discovered the information current counsel have found." (Doc. 150 at 17). Because the claims could reasonably have been raised in Sallie's state habeas petition, Georgia law would bar them as successive. O.C.G.A. § 9-14-51. Thus, the Court found the juror bias claims were procedurally defaulted and denied Sallie's motion to stay. (Doc. 150 at 15-18).

Sallie's proposed third amended petition "is predicated upon the juror bias claims set forth in the Second Amended Petition …." (Doc. 152 at 2). However, in recognition of the Court's finding that those claims were procedurally defaulted, Sallie now "submits that Petitioner's trial counsel performed deficiently with respect to investigation of the juror concerned in the bias claims" and the ineffective assistance of state habeas counsel provides cause to overcome any procedural default of this new ineffective assistance claim. (Doc. 152 at 2); *Martinez v. Ryan*, 132 S. Ct 1309, 1318 (2012); *Trevino*, 133 S. Ct. at 1921.

In short, Sallie has crafted an ineffective assistance claim to be the vehicle for his procedurally defaulted juror bias claims.

Sallie contends this new ineffective assistance claim is not barred by AEDPA's one year statute of limitations because he has filed the claim within one year of "the date on which the factual predicate of the claim or claims presented could have been

discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); (Doc. 152 at 1). When he filed his motion to amend, Sallie did not contend his new claim related back to his initial habeas petition pursuant to Fed. R. Civ. P. 15(c). However, at oral argument, Sallie, although still mainly relying on § 2244(d)(1)(D), invoked Rule 15 and argued his new claim related back to his initial petition.[4] (Doc. 168). Because the Court has dismissed the initial petition as untimely, that argument is moot. (Doc. 171).

## II.  STANDARD OF REVIEW

Fed. R. Civ. P. 15(a)(2) provides that "a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." This rule is made applicable to habeas proceedings by 28 U.S.C. § 2242, which explains that a federal habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." *See also* Fed. R. Civ. P. 81(a)(4); Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts.

"[A] decision whether to grant leave to amend is clearly within the discretion of the district court." *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993). However, the policy of Rule 15 to liberally permit amendments "circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989). "[A] justifying reason must be apparent for denial of a motion to amend." *Moore*, 919 F.2d at 1131.

---

[4] Sallie also argues his new claim relates back to his second amended petition. That argument is addressed below.

When deciding whether to grant leave to amend, the Court is guided by five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies despite previously allowed amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). If none of these five factors are present, leave to amend should be allowed. *Id.*, *see also Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv.*, 556 F.3d 1232, 1241 (11th Cir. 2009).

This Court grants a motion for reconsideration only when "the movant demonstrates that there has been an intervening change in the law, that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or that the court made a clear error of law." *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

### III. **ANALYSIS**

The issue of whether Sallie's proposed amendment should be rejected on the grounds of futility is a narrow one. Clearly, as discussed below, his proposed amendment was filed more than a year after "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Thus, the obvious issue is whether equitable tolling stopped the statute of limitations from running. Nevertheless, the Parties' briefs largely address matters not necessary to the resolution of Sallie's motion to amend. The Court addresses these arguments briefly.

As noted, Respondent did not initially oppose Sallie's motion to amend on the grounds that it was untimely, but rather he contended that the proposed new claim was

procedurally defaulted. (Doc. 153). Indeed, Sallie essentially acknowledged his procedural default but, citing *Martinez and Trevino,* he contended that the ineffective assistance of his state habeas counsel provided cause to overcome that procedural default. (Doc. 151 at 3-4). Respondent argued vigorously that *Trevino* provided Sallie no cover because Georgia's procedures afford defendants a meaningful opportunity to challenge the conduct of trial counsel post-trial and on direct appeal. (Doc. 153 at 2).

In its first Order denying Sallie leave to amend, the Court found it unnecessary to enter the uncharted territory of *Trevino*'s impact on the procedural default doctrine. (Doc. 158 at 7). Rather, the Court turned to the much more straightforward issue of whether Sallie's new claim was futile because it was barred by AEDPA's statute of limitations.

That led Sallie to launch his own broad arguments. His *relevant* arguments are easily summarized. First, the factual predicate for his new claim could only have reasonably been discovered while his state habeas petition was pending. (Doc. 160 at 6). At that time, the statute of limitations was statutorily tolled by § 2244(d)(2) until his state habeas concluded on February 7, 2011.[5] (Doc. 160 at 7, 17). Second, Sallie argues that his new claim relates back to his second amended petition which was filed on May 9, 2013. (Docs. 122; 160 at 28-29). This, however, presents a dilemma for Sallie. Accepting his arguments, the statute of limitations began to run on February 7, 2011 and he did not file his new claim until, at the earliest, May 9, 2013. Apparently for this reason, his briefs spend considerable time addressing the diligence of his current

---

[5] The Court cannot locate verification of this date in the record submitted by Respondent or the exhibits submitted by Sallie. Sallie provided this date in his corrected supplemental petition and one of his briefs and Respondent has not disputed the date. (Docs. 66 at 71; 160 at 7, 17).

counsel and this Court's focus on the issues raised by his initial petition, namely procedural default and the statute of limitations. (Docs. 160, 164).

In his response to Sallie's motion for reconsideration, Respondent maintains that Sallie's motion to amend is untimely. (Doc. 162). He argues that the underlying facts of Sallie's juror bias claims could have been discovered during trial and, therefore, his ineffectiveness claim, which rests on the juror bias claims, was also discoverable during trial. (Doc. 162 at 4-5). In this scenario, the correct "latest" triggering date for the claim was 28 U.S.C. § 2244(d)(1)(A)—the date on which Sallie's judgment became final by conclusion of direct review—not 28 U.S.C. § 2244(d)(1)(D). Thus, according to Respondent, Sallie's motion to amend his second amended habeas petition, which was filed almost ten years after his conviction became final on October 6, 2003, is untimely and should be denied.

In reply, Sallie cites *Ross v. Sec'y, Fla. Dep't of Corr.*, 517 F. App'x 731 (11th Cir. 2013), for the proposition that the statute of limitations for his ineffective assistance claim could not, as a matter of law, have started until after his conviction was final and he was no longer represented by the allegedly ineffective trial counsel. (Doc. 160 at 16). The Court need not resolve the issue. Even if Sallie is correct, his motion to amend is still untimely.

At oral argument, the Court asked the Parties to "focus" on the essential issue. (Doc. 168 at 2-3) Accepting Sallie's arguments,[6] the § 2244(d)(1)(D) statute of limitations ran on February 7, 2012, long before he filed his second amended habeas

---

[6] Clearly, Sallie is entitled to statutory tolling until his state habeas petition concluded on February 7, 2011. 28 U.S.C. § 2244(d)(2); (Doc. 160 at 7, 17). It is not clear that his new claim can relate back to his second amended petition which he filed without leave of court. However, the for the sake of argument, the Court assumes it does.

petition on May 9, 2013. Therefore, the Court asked what possible basis was there for ruling the new claim was not time-barred. Sallie's answer was equitable tolling. (Doc. 168 at 4-14, 31-34). According to Sallie, the extraordinary circumstances warranting equitable tolling were events that occurred during pendency of Sallie's federal petition. The Court addresses that dispositive issue.

The Court agrees that Sallie's current counsel have been diligently litigating the issues raised by the initial habeas petition; i.e., timeliness, equitable tolling, procedural default, and the merits of the claims. (Docs. 160 at 19-29; 168 at 11-12, 34). The Court also agrees with Sallie's argument that *Holland v. Florida*, 560 U.S. 631 (2010), does not preclude it from finding that conditions other than attorney misconduct or abandonment may constitute extraordinary circumstances. (Doc. 168 at 12-13, 27-29). The Court cannot agree with Sallie's contention that the Court's and the Parties' intense focus on these issues constitute extraordinary circumstances that somehow prevented Sallie from timely filing his amendment. Sallie cites no authority, and the Court has found none, to support an argument that diligent counsel coupled with a court's case management can constitute extraordinary circumstances.

During oral argument, Sallie acknowledged the paradoxical[7] nature of his equitable tolling argument. (Doc. 168 at 31). It would be incongruous to find that diligent counsel and a district court, all of whom were wading through complicated issues raised in a habeas petition, were the extraordinary circumstances that prevented Sallie from timely raising a claim when the same statute of limitations would have

---

[7] "[P]aradoxically we have a ground for equitable tolling that is the opposite of abandonment …." (Doc. 168 at 32).

-9-

unquestionably expired for an unrepresented prisoner who had no habeas action pending.  (Doc. 168 at 13-14, 28)

In conclusion, Sallie has not shown that anything "'stood in his way' and prevented" him from timely filing the motion to amend his second amended petition. *Holland,* 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Therefore, the Court **DENIES** his motion to amend the second amended petition (Doc. 151) and **DENIES** his motion to reconsider.  (Doc. 160).

So **ORDERED**, this 15th day of July, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT