**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **WILLIAM CARY SALLIE,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **vs.** | : | |
| | : | **CIVIL ACTION NO. 5:11-CV-75 (MTT)** |
| **BRUCE CHATMAN, Warden,** | : | |
| | : | |
| **Respondent.** | : | |
| | : | |

_____

**ORDER**

On May 9, 2013, Petitioner William Cary Sallie, without leave of court, filed a second amended habeas petition. (Doc. 122). For the reasons discussed below, the claims contained in the second amended habeas petition are denied as both procedurally defaulted and untimely.

In his second amended habeas petition, Sallie asserted three new constitutional claims based on the alleged bias of juror Gina Dawson. (Doc. 122 at 71). He also filed a motion to stay and abey. (Doc. 125). He acknowledged that the claims in his second amended habeas petition were unexhausted, but maintained that he could show good cause for failing to exhaust. (Doc. 125). Therefore, pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), Sallie moved to stay these proceedings while he returned to state court to exhaust the claims.

In an August 6, 2013 Order denying Sallie's motion to stay and abey, the Court found Sallie's newly asserted juror bias claims were procedurally defaulted. (Doc. 150). The Court agreed with Sallie that the claims were unexhausted. However, given the

facts known at the time about Dawson, "diligent state habeas counsel would have investigated [her] and easily discovered the information current counsel have found." (Doc. 150 at 17).  Because the claims could reasonably have been raised in Sallie's state habeas petition, Georgia law would bar them as successive.  O.C.G.A. § 9-14-51. Therefore, the Court applied "'the familiar principle that federal courts may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempts at exhaustion would be futile.'" *Turner v. Crosby*, 339 F.3d 1247, 1281 (11th Cir. 2003) (quoting *Bailey v. Nagle*, 172 F.3d 1299, 1305 (11th Cir. 1999)).  (Doc. 150 at 15-17).

For the reasons discussed in detail in this Court's August 6, 2013 Order denying Sallie's motion to stay and abey the claims in Sallie's second amended habeas petition are **DENIED** as procedurally defaulted.

In addition, the claims Sallie asserts in his second amended petition are barred by the statute of limitations.  Sallie alleges his claims are timely pursuant to 28 U.S.C. § 2244(d)(1)(D), which provides that the statute of limitations runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  (Doc. 122 at 1).   On August 7, 2013, Sallie filed a motion to amend his second amended habeas petition along with a proposed third amended habeas petition that contained an ineffective assistance claim "predicated upon the juror bias claims" contained in his second amended petition.  (Doc. 152 at 2). As with the second amended petition, Sallie stated that his proposed third amended petition was timely pursuant to 28 U.S.C. § 2244(d)(1)(D).  (Doc. 152 at 1).  In an Order dated July 15, 2014, the Court denied Sallie's motion to amend the second amended

habeas petition as untimely.  (Doc. 169).  The Court found the proposed amendment, even if it related back to the filing of his second amended habeas petition under Fed. R. Civ. P. 15(c), was filed more than a year after the date on which the factual predicate of the ineffective assistance claim, i.e., juror bias, "could have been discovered through the exercise of due diligence" and Sallie was not entitled to equitable tolling.  28 U.S.C. § 2244(d)(1)(D); (Doc. 169).

For the reasons discussed in detail in this Court's July 15, 2014 Order denying Sallie's motion to amend his second amended petition, the claims in his second amended habeas petition are **DENIED** as untimely.

So **ORDERED**, this 15th day of July, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
