IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WILLIAM CARY SALLIE, : <br> : <br>     Petitioner, : <br> : <br> vs. : <br> : <br> CARL HUMPHREY, Warden, : <br> : <br>     Respondent. : <br> : <br> _____ : | CIVIL ACTION NO.: 5:11-CV-75 (MTT) |

# ORDER

Petitioner William Cary Sallie moves to reopen his closed habeas corpus action pursuant to Federal Rule of Civil Procedure 60(b)(6). (Docs. 182, 188). The motion, as amended,[1] is denied.[2]

Sallie filed a 28 U.S.C. § 2254 petition on February 28, 2011, corrected it on March 18, 2011, supplemented it on September 28, 2011, and amended and corrected it on January 13, 2012. (Docs. 1, 9, 39, 66-67). The Court dismissed the petition, as amended and supplemented, as untimely. (Doc. 171). Without leave of court, Sallie filed a second amended habeas petition, which asserted claims of juror bias. (Doc. 122). The Court ruled these claims were both untimely and procedurally defaulted. (Doc. 170). Sallie also moved to amend his second amended habeas petition and filed a proposed third amended habeas petition alleging that trial counsel were ineffective with respect to

---

[1] Sallie filed his original Rule 60(b)(6) motion to reopen on November 15, 2016. (Doc. 182). He alleged an "imminent execution date." (Doc. 182 at 1). In his amended motion, filed November 21, 2106, he alleges that his date of execution is scheduled for December 6, 2016. (Doc. 188 at 1).

[2] Sallie's Fed. R. Civ. P. 60(b)(6) motion "challenges only the District Court's failure to reach the merits" of his ineffective assistance of trial counsel claim. Gonzalez v. Crosby, 545 U.S. 524, 538 (2005). It is, therefore, not the equivalent of a second or successive habeas petition and can be addressed without precertification by the Eleventh Circuit. Id. at 535-38.

their investigation of the juror in question. (Docs. 151-52). Recognizing that his ineffective assistance of trial counsel claim was procedurally defaulted, Sallie argued that the ineffective assistance of state habeas counsel provided cause to overcome the procedural default. (Docs. 152 at 7; 154 at 3-11). The Court denied Sallie's motion to amend his second amended habeas petition as futile because his ineffective assistance of trial counsel claims were not timely filed. (Doc. 169). In summary, this Court denied all of Sallie's claims because they were barred by the statute of limitations. Both this Court and the Eleventh Circuit refused to grant a Certificate of Appealabilty ("COA"). (Docs. 171, 179-80). The United States Supreme Court denied Sallie's petition for a writ of certiorari on November 14, 2016. (Doc. 181). The next day, Sallie filed his forty-seven page motion to reopen his habeas case. (Doc. 182). Respondent has filed a response. (Doc. 187).

Prior to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), ineffective assistance of post-conviction counsel could not establish cause to overcome the procedural default of any claim. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). These cases recognized a "narrow exception" to that general rule: Ineffective assistance of post-conviction counsel may, in some limited circumstances, provide cause to overcome the procedural default of an ineffective assistance of trial counsel claim. *Martinez*, 132 S. Ct. at 1315, 1318, *Trevino*, 133 S. Ct. at 1918-21. Since these cases were decided, federal habeas petitioners have sought to re-open their closed §2254 actions under Federal Rule of Civil Procedure 60(b)(6) so that ineffective assistance of trial counsel claims the courts previously ruled were procedurally defaulted could be reviewed on the merits. *See Griffin v. Sec'y, Fla. Dep't of Corr.*, 787 F.3d 1086,

1088 (11th Cir. 2015).

The Eleventh Circuit addressed a somewhat similar situation in *Arthur v. Thomas*, 739 F.3d 611 (11th Cir. 2014). Arthur's petition, like Sallie's, had been dismissed as untimely. *Id.* at 621-222. After the Supreme Court decided *Martinez*, Arthur filed a Rule 60(b)(6) motion arguing that, "in light of . . . *Martinez*, the district court should reconsider its December 2002 decision that dismissed [his] § 2254 petition as untimely." *Id.* at 627. The Eleventh Circuit upheld the district court's denial of the motion for two reasons. *Id.* at 630-33. First, *Martinez* and *Trevino* "explicitly relate[] to excusing a procedural default of ineffective-trial-counsel claims and do[] not apply to AEDPA's statute of limitations or the tolling of that period." *Id.* at 630. Thus, *Martinez* and *Trevino* are simply inapplicable when a habeas petition is dismissed as untimely. *Id.* at 630-31. Second, "[e]ven assuming" *Martinez* and *Trevino* applied, "a change in decisional law is insufficient to create the 'extraordinary circumstance' necessary to invoke Rule 60(b)(6)." *Id.* at 631 (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535-38 (2005); *Howell v. Sec'y Fla. Dep't of Corr.*, 730 F.3d 1257, 1260-61 (11th Cir. 2013)).

Sallie argues that *Arthur* may soon be reversed. (Doc. 182 at 7). It might, but only to the extent that it held *Martinez* and *Trevino* can never qualify as an extraordinary circumstance under Federal Rule of Civil Procedure 60(b)(6). The circuits are split on this particular issue. *Compare Cox v. Horn*, 757 F.3d 113, 120-26 (3d Cir. 2014) (holding that Rule 60(b)(6) motions premised on *Martinez* and *Trevino* may sometimes be granted), and *Ramirez v. United States*, 799 F.3d 845, 850 (7th Cir. 2014) (same), and *Lopez v. Ryan*, 678 F.3d 1131, 1135-37 (same), *with Arthur*, 739 F.3d at 631 (holding that Rule 60(b)(6) motions based on *Martinez* and *Trevino* must be denied); *Moses v. Joyner*,

815 F.3d 163, 168 (4th Cir. 2016) (same), *and Abdur'Rahman v. Carpenter*, 805 F.3d 710, 714 (6th Cir. 2015) (same); *and Adams v. Thaler*, 679 F.3d 312, 319-20 (5th Cir. 2012) (same).  There are, as Sallie argues, cases pending before the Supreme Court that might resolve this issue.[3]  The issue in *Buck*—the only case in which the Court has actually granted certiorari—is whether the Fifth Circuit imposed an improper and unduly burdensome COA standard.  It is less than clear that, in addressing this question, the Court will answer whether *Martinez* and *Trevino* may, in certain circumstances, provide the extraordinary circumstances necessary for reopening a habeas case under Federal Rule of Civil Procedure 60(b)(6).

What is clear, however, is that this Court is bound by decisions from the Eleventh Circuit.  At this time, the question of whether *Martinez* and *Trevino* permit a habeas petitioner to reopen his petition under Federal Rule of Civil Procedure 60(b)(6) "is foreclosed by binding circuit precedent."  *Hamilton v. Sec'y, Fla. Dep't of Corr.*, 793 F.3d 1261, 1266 (11th Cir. 2015).  The fact that other circuits disagree or that the law may change in the future does not negate the fact that "*Arthur* is controlling on us."  *Id*.  For this reason alone, the Court must deny Sallie's motion.[4]

Apart from that and perhaps of more fundamental importance, Sallie overlooks one very critical difference between his case and the cases pending before the Supreme Court.  In all of the pending cases, the habeas petitions were timely filed and the courts

---

[3] On June 6, 2016, the Supreme Court granted certiorari in *Buck v. Davis*, No. 15-8049, a case from the Fifth Circuit.  *Buck* was argued on October 5, 2016.  It appears the Court is holding three certiorari petitions from the Sixth Circuit pending the outcome in *Buck*:  *Johnson v. Carpenter*, No. 15-1193; *Wright v. Westbrooks*, No. 15-7828; *Abdur'Rahman v. Westbrooks*, No. 16-144.

[4] Sallie's Fed. R. Civ. P. 60(b)(6) motion "challenges only the District Court's failure to reach the merits" of his ineffective assistance of trial counsel claim.  *Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005).  It is, therefore, not the equivalent of a second or successive habeas petition and can be addressed without precertification by the Eleventh Circuit.  *Id*. at 535-38.

found the petitioners' ineffective assistance of trial counsel claims were procedurally defaulted. *Buck v. Thaler*, 452 F. App'x 423, 426-27 (5th Cir. 2011); (Docs. 182-1 at 18; 182-2 at 12; 182-3 at 19). After *Martinez* and *Trevino* held that this particular procedural default may, in limited circumstances, be excused, these petitioners filed their Rule 60(b)(6) motions to reopen their cases. Sallie's ineffective assistance of trial counsel claims were not procedurally defaulted—they were time-barred by AEDPA's one-year statute of limitations. (Doc. 169). As the Eleventh Circuit held in *Arthur*, "[b]ecause [Sallie's] § 2254 petition was denied due to his complete failure to timely file . . . , the Supreme Court's analysis in *Martinez* and *Trevino* of when and how 'cause' might excuse noncompliance with a state procedural rule is wholly inapplicable here." 739 F.3d at 631. *See Chavez v. Sec'y, Fla. Dep't of Corr.*, 742 F.3d 940, 946 (11th Cir. 2014) (holding that nothing in *Martinez* and *Trevino* "provides a basis for equitably tolling the filing deadline") (citing *Arthur*, 739 F.3d at 630-31)). There is absolutely no indication that this portion of *Arthur* is at issue in the any of the cases pending before the Supreme Court. The Court, therefore, fails to see how the Supreme Court's ultimate decision *Buck*, or any of the pending certiorari cases, would be relevant to Sallie's closed habeas action.

For these reasons, Sallie's motion (Doc. 182) and amended motion (Doc. 188) to reopen his habeas action under Federal Rule of Civil Procedure 60(b)(6) are **DENIED**.

CERTIFICATE OF APPEALABILITY

"[A] COA is required before a habeas petitioner may appeal the denial of a Rule 60(b) motion." *Hamilton v. Sec'y, Fla. Dep't of Corr.*, 793 F.3d 1261, 1265 (11th Cir. 2015). Pursuant to 28 U.S.C. 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." This requires a

demonstration that "jurists of reason could disagree with the district court's resolution of [a petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).   When the Court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the petitioner must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling"; and (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Sallie cannot make these showings.   His argument that *Martinez* and *Trevino* are "exceptional circumstances" under Rule 60(b)(6) that warrant reopening a closed case has been squarely foreclosed by binding Eleventh Circuit precedent.   "[N]o COA should issue where the claim is foreclosed by binding circuit precedent 'because reasonable jurists will follow controlling law.'"   *Hamilton*, 793 F.3d at 1266 (quoting *Gordon v. Sec'y, Dep't of Corr.*, 479 F.3d 1299, 1300 (11th Cir. 2007)).

Even if, as Sallie maintains, "jurists of reason could disagree on whether the law of this circuit is correct" (Doc. 188 at 46), jurists of reason could not disagree that *Martinez* and *Trevino* have absolutely no application in Sallie's case.   AEDPA's statute of limitations, not procedural default, prevented this Court from reviewing Sallie's ineffective assistance of trial counsel claim, along with the rest of his claims.   (Docs. 169, 170, 171). While the application of *Martinez* and *Trevino* might allow the Court to review a claim previously found to be procedurally defaulted, their application would not allow the Court to review a claim previously found to be time-barred.   Thus, whether *Martinez* and

-7-

*Trevino* are "exceptional circumstances" or not under Rule 60(b)(6) is completely irrelevant in Sallie's case.

Therefore, the Court refuses to grant a COA.

**SO ORDERED**, this 22nd day of November, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
